# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## KENNETH E. DIGGS v. STRAND ANALYTICAL LABORATORIES, LLC

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004199-10      Robert L. Childers, Judge**

**No. W2011-00318-COA-R3-CV - Filed July 15, 2011**

Appellant appealed the dismissal of the action by the trial court. We dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, J., ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J.

Kenneth E. Diggs, Memphis, Tennessee, appellant, *pro se*.

Stephen D. Crawley, Memphis, Tennessee, for the appellee, Strand Analytical Laboratories, LLC.

## MEMORANDUM OPINION[1]

Appellant Kenneth E. Diggs filed his complaint in this matter on August 24, 2010. Appellee Strand Analytical Laboratories, LLC then filed a motion to dismiss for insufficient service of process on October 4, 2010. On December 3, 2010, the trial court entered an order granting Appellee's motion to dismiss and dismissing the suit without prejudice. The appellate record contains a motion filed by Appellant on December 2, 2010 pursuant to Rule 52.02 of the Tennessee Rules of Civil Procedure requesting that the trial court amend the findings of fact and conclusions of law previously made in the action. Moreover, Appellant

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

filed other pleadings in the trial court which we discuss more fully below.

The appellate record in this matter was filed with the Clerk of this Court on April 11, 2011, and on that same date, the Court entered an Order requiring Appellant Kenneth E. Diggs to either obtain entry of a final judgment within thirty (30) days of the entry of that Order or else show cause why this appeal should not be dismissed for lack of a final judgment. In our Order of April 11, 2011, the Court specified that we could find nothing in the record reflecting that the trial court had adjudicated the following:

1. Plaintiff/Appellant's "Motion of Plaintiff for Amendment of Finding of Fact" filed on December 2, 2010;[2]

2. The requests contained in Plaintiff/Appellant's "Notice of No Transcript or Statement of Evidence" filed on January 11, 2011, which is quoted fully below:

> "Plaintiff Kenneth E. Diggs requests the Honorable Court to set aside the final judgment. Final judgment was based upon Kenneth E. Diggs not following proper procedure, by failing to submit the return receipt to the court clerk. Kenneth E. Diggs (sic) motive was to use the return receipt as evidence. Plaintiff Kenneth E. Diggs is requesting the Honorable Court to accept a re-entry of an Amendment of Complaint."

3. "Motion of Plaintiff for Amendment of Complaint" filed on January 24, 2011.[3]

Appellant submitted a brief for filing on May 11, 2011, and as of the present date, this Court has not received a supplemental record containing a final judgment in this matter. Moreover, Appellant did not otherwise respond to our Order of April 11, 2011, until the Court received from Appellant a copy of the trial court's December 3, 2010 order of dismissal on May 24, 2011. At that time, we perceived that Appellant's submission of the trial court's order of December 3, 2010, was his response to this Court that a final judgment had been entered in the trial court. On May 26, 2011, however, Appellee Strand Analytical Laboratories filed a motion requesting that the Court dismiss this appeal for lack of

---

[2] The motion recites that it was filed pursuant to Rule 52.02 of the Tennessee Rules of Civil Procedure "to amend the finding of fact and conclusions of Law made previously in this action."

[3] Although the motion is styled as requesting an amendment of the complaint, Plaintiff/Appellant recites that the motion is brought pursuant to Rule 59 of the Tennessee Rules of Civil Procedure and requests the court to amend the findings of fact and conclusions of law made previously in the action.

jurisdiction and for failure to comply with this Court's Order of April 11, 2011. Appellant then filed a response on May 31, 2011, in which Appellant requested that the Court strike Appellee's motion to dismiss.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assocs. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). It is apparent to the Court that the order appealed in this matter is not a final judgment; therefore, this Court lacks jurisdiction. Appellant did not comply with our Order of April 11, 2011, and did not obtain entry of a final judgment or otherwise show cause why this appeal should not be dismissed for lack of a final judgment. Consequently, we must dismiss this appeal.

## Conclusion

For the foregoing reasons, we dismiss this appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to Appellant Kenneth E. Diggs for which execution may issue if necessary.

## PER CURIAM

3